Christopher REMITE, Plaintiff,

v.

John STAMLER, Union County Prosecutor

and

Joseph Brennan, Director, Police Department of Elizabeth, New Jersey, Defendants.

Civ. No. 79–3455.

United States District Court, D. New Jersey.

March 4, 1980.

Christopher Remite, pro se.

William J. McCloud, Union County Counsel, Elizabeth, N. J., by Harold L. Hamlette, Asst. County Counsel, Elizabeth, N. J., for defendant John Stamler.

Frank P. Trocino, City Atty., by Raymond T. Bolanowski, Asst. City Atty., Elizabeth, N. J., for defendant Joseph Brennan.

## MEMORANDUM ORDER

BIUNNO, District Judge.

This matter comes to the court's attention as the result of a letter from Mr. Remite, filed by the clerk February 13, 1980, and sent to chambers February 19, 1980, asking for the appointment of counsel.

The court has reviewed the file. It shows that Mr. Remite filed his complaint, alleging a claim under 42 U.S.C. § 1983, on December 3, 1979, with an affidavit for leave to proceed *in forma pauperis*, 28 U.S.C. § 1915.

That complaint had been "received", but not filed, by the clerk on November 28, 1979 and was referred to the court on the *"in forma pauperis"* aspect. On November 30, 1979, the court entered a special order, as it usually does in such cases, to allow the filing, preclude the filing of motions before answer, calling for a special answer narrating defendants' version of the *facts*, and allowing ample time (45 days) to gather and present the *facts* with leave to apply for extensions ex parte if needed.

The suit is against John Stamler, the Union County Prosecutor, and Joseph Brennan, Police Director of the City of Elizabeth. The claim is that Mr. Remite was arrested March 22, 1978 on a charge of

atrocious assault and battery by the Elizabeth Police. It says he asked for a "police line up", but the request was refused. Thereafter, he says, the Grand Jury (Union County?) voted an indictment, this being in May, 1978. Trial was set for January, 1979, but before jury selection he says the victim said that Mr. Remite was not the one involved. The prosecutor then moved for dismissal, which was evidently granted. Mr. Remite is now in Union County jail on some other, unspecified charge so far as his complaint discloses. The claim is explicitly for "false arrest" on the earlier, dismissed charge.

Pro se prisoners are freely provided with various forms to initiate proceedings of one or another kind. Most of them turn out either to lack substance or to be without the jurisdiction of the federal courts. Among them are meritorious claims which are the court's special concern but which are difficult to identify.

Those that cannot be heard here, or which are frivolous or malicious, should be disposed of at the earliest possible time and with the least feasible demand on scarce judicial time in view of the considerable and growing volume. The valid ones should be processed as promptly as feasible. This involves a difficult sifting process for which the regular rules are poorly adapted.

Some years ago, this court experimented with a specially designed discovery procedure to deal with the problem and which drew favorable comment from Courts of Appeal. See, for example, *U. S. ex rel. Ricketts v. Lightcap*, 567 F.2d 1226 (CA 3, 1977); *Hardwick v. Ault*, 517 F.2d 195 (CA 5, 1975).

While that experimental technique proved to be effective in several early cases, later experience showed that its success mostly depended on an understanding of the process and the willingness to use it on the part of individual Deputies Attorney General or prosecutors. Since success or failure was essentially *ad hominem*, and since later experience was very poor, the court designed its order for special answer instead. A copy of the form is attached, as entered here.

The main purpose of this order is to require the state officials involved, who are in the best position to do so, to gather and set out in the answer a narrative account of *all the facts*, leaving them free to plead in the usual formal manner in addition. Also, the order requires that defenses and objections otherwise allowed to be raised by motion before answer be set out in the pleading, but forbids the motions to be made until after answer.

The object of this approach is to provide the court with an informative factual context within which it may, usually for the first time, make an intelligent evaluation of the question whether the claim is within the court's jurisdiction, whether it is frivolous or malicious, and so on. In particular cases, as needed, the magistrates are asked to elicit from the pro se prisoner plaintiff *his* factual response to the defendant's narrative of the *facts*. In sum, the special order contemplates a kind of *evidential* pleading, in the place of what a lawyer would call "notice" pleading, which is generally unsuited to this class of lawsuit.

The general experience with this later approach has been far superior to the first, but in any event its success depends entirely on the wholehearted cooperation of defense counsel to comply with the order and to supply *all the facts.*

In this case, both defendant Stamler and defendant Brennan have completely ignored the directions of the order to answer. Each has filed a boilerplate, uninformative "notice" answer raising all defenses they could think of, omitting a number which the court considers obvious (but will not disclose because it must remain neutral), and utterly failing to provide the court with any *facts* at all.

Had the inadequacy of the answers come to the court's attention when they were filed, this memorandum would have been prepared before. It is by chance that the matter comes to the court's attention by reason of Mr. Remite's letter for appointment of counsel.

As matters stand, the court cannot act on his request because the file contains no *facts* a lawyer could evaluate. This deficiency is due entirely to defendants' utter failure to follow and comply with the simple instructions of the order.

The matter is of considerable concern to the court because in many instances, where there is a full, narrative account of the *facts* from those having them in their possession, then even if there be no federal claim, or no federal jurisdiction, there may be a state claim against which some statute of limitations may be running, or which may require an administrative procedure before a state claim may be advanced in a state court, all of which can be called to the attention of the pro se plaintiff or to an attorney solicited to represent him.

The answers of the defendants will accordingly be stricken *sua sponte*, for failure to comply with the order for special answer, and each defendant is directed to serve and file an amended answer in full compliance with the order dated November 30, 1979 on or before March 21, 1980, with direction to supply an extra copy to the court in chambers. No answer so served and filed will be regarded as adequate unless it contains a *full and complete* narrative account of the *facts* relating to the claim asserted by Mr. Remite.

The question whether the complaint asserts a federal claim against either defendant, or whether it is frivolous or malicious, or whether the court has jurisdiction, are reserved until the answers are filed in the form and tenor specified by the order.

So ordered.

### ORDER

The court having reviewed the papers submitted by plaintiff(s), and due cause appearing,

It is, on this 30th day of November 1979 ORDERED THAT:

1. The application to preceed in forma pauperis, pursuant to 28 U.S.C. § 1915, is hereby granted;

2. Defendant(s) shall serve and file answer to the complaint on or before 45 days from service;

3. Any and all defenses and objections that might otherwise be brought on by motion before answer shall be stated separately and reserved in the answer(s);

4. The answer(s) shall affirmatively state and set forth the version of the defendant(s) in regard to the facts, with leave to deny the allegations of the complaint except as stated in the factual account of the defendant(s);

5. If additional time is needed for a full factual statment, defendant(s) have leave to apply *ex parte*, on certification under penalty of perjury, showing good cause, for extension of time to a date certain;

6. The clerk shall arrange for service of a copy of this order along with the summons and complaint.